P. Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>AJU HOTEL SILICON VALLEY LLC, a Delaware limited liability company dba The Westin San Jose,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR DAMAGES, DECLARLATORY RELIEF AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT AND UNRUH CIVIL RIGHTS ACT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

### PARTIES

1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.      Defendant, AJU Hotel Silicon Valley LLC, owns and/or operates and does business as the hotel, The Westin San Jose located at 302 S. Market Street, San

1   Jose, California 95113. Defendant's hotel is a public accommodation pursuant to 42

2   U.S.C. § 12181(7)(A), which offers public lodging services.

3   ## INTRODUCTION

4   3.   Plaintiff Theresa Brooke brings this action against Defendant, alleging

5   violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

6   seq., (the "ADA") and its implementing regulations and the California Unruh Civil

7   Rights Act ("Unruh"), California Civil Code §§51, 52.

8   4.   Defendant operates a fancy hotel in downtown San Jose, California in the

9   heart of Silicon Valley. Defendant offers four different Suites to prospective patrons.

10  The three most opulent Suites, however, are not made accessible and not available for

11  disabled Americans to rent. Defendant has violated the ADA three separate times. First,

12  Defendant does not allow disabled Americans to rent the Penthouse Suite, which is the

13  most opulent Suite available at the hotel and boasts over 900 square feet of living space.

14  Defendant also provides no comparable choices for disabled persons to the Penthouse

15  Suite. Second, Defendant does not allow disabled Americans to rent the Palm Suite,

16  which boasts over 700 square feet of living space, views unavailable in other rooms and

17  opulent finishes such as a marble bathroom. Third, Defendant does not allow disabled

18  Americans to rent the Saint Claire Suite, which is the third most opulent Suite at the

19  hotel. Defendant does not provide comparable choices to any of these three suites.

20  Instead, Defendant reserves only a basic "one-bedroom suite" for disabled persons.

21  Defendant has violated the ADA, and by extension Unruh, three separate times, and

22  therefore Plaintiff seeks damages for three separate Unruh violations.

23  ## JURISDICTION AND VENUE

24  5.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

25  U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28

26  U.S.C. § 1367.

27  6.   Plaintiff's claims asserted herein arose in this judicial district and

28  Defendant does substantial business in this judicial district.

7.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### ALLEGATIONS COMMON TO ALL COUNTS

8.     Due to Plaintiff's many special needs, she requires the use of lodging rooms that are accessible to her and have the standard accessibility features such as roll-in showers, adequate spacing the furniture in the lodging room, grab bars surrounding the toilet, and other commonly-accepted accessibility features. Plaintiff also seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons.

9.     In anticipation of a trip to the South Bay earlier this year, Plaintiff wanted to rent a room at Defendant's hotel – the so-called "Studio King" room. Defendant viewed this room on Defendant's website, which indicated that the "Studio King" room is not an accessible room and not available for disabled Americans. Plaintiff thereafter sued Defendant for a violation of the ADA. *See Brooke v. AJU Hotel Silicon Valley LLC*, N.D. Cal. no. 5:19-cv-411-SVK (the "Current Litigation").

10.    Please see Exhibit 1 for a screenshot of the room description of the Studio King room, which shows that room is not offered as an accessible room.

11.    During the Current Litigation, Defendant's counsel indicated that there was no remediation needed; that the Studio King in fact was available as accessible, contrary to what the hotel's website stated.

12.    Therefore, Plaintiff wanted to lodge at the hotel. She and her husband planned on lodging at the hotel on Labor Day weekend.

13.    In anticipation of her trip, Plaintiff went back to Defendant's website to rent the Studio King room but also with a motivation to test accessibility of other room types. She went to Defendant's website to rent Defendant's Penthouse Suite, which is a suite room that offers additional amenities and luxuries than standard rooms and is 900 square feet in size. However, Defendant does not make the Penthouse Suite available

that is ADA accessible. Defendant only offers the Penthouse Suite for able-bodied persons. Therefore, Plaintiff was unable to rent that room. Please see Exhibit 2 for the screenshot of the description of the Penthouse Suite.

14.     Plaintiff sought to rent a comparable suite. She took a look at the Saint Claire Suite, which also offers more space (539 square feet) and amenities than other suites and standard rooms. However, again, the Saint Claire Suite is not offered as accessible, only non-accessible to able-bodied persons. Please see Exhibit 3 for the screenshot of the description of the Saint Claire Suite.

15.     Plaintiff was already deterred from renting one of the suites but conducted further research. She discovered that there are two other suites at the hotel. There is the Palm Suite, which his 739 square feet and offers many more amenities than standard rooms and other suites, including a marble bathroom. This Suite, too, is not an accessible room. It is only available for able-bodied persons. Please see Exhibit 4 for the screenshot of the description of the Palm Suite.

16.     Upon further research, there is one additional suite, the One-Bedroom Suite. This suite is offered in an accessible option, but Plaintiff wanted to rent one of the more opulent suites whether that was the Palm Suite, Saint Claire Suite or the Penthouse Suite. Those suites offer much more space than the one-bedroom suite, offer better views than the one-bedroom suite, and offer nicer finishes.

17.     Defendant does not offer a comparable Suite to the Penthouse Suite that is accessible.

18.     Defendant does not offer a comparable Suite to the Palm Suite that is accessible.

19.     Defendant does not offer a comparable Suite to the Saint Claire Suite that is accessible.

20.     Defendant is in violation of the ADA as to each of the three suites mentioned above. Defendant operates a hotel that does not provide equality in terms of choice for disabled persons at the hotel. Indeed, it would be similarly unequal if

Defendant did not offer particular Suites to African-Americans, women or Hispanics. The same applies here; Defendant does not offer the most opulent suites to disabled Americans. Disabled persons are just as protected by the United States Constitution as African-Americans, women or Hispanics.

21.   Defendant violates the ADA by not providing equal opportunities to disabled Americans as it does for able-bodied persons. The violation of the ADA is separate and apart from a violation of the 2010 Standards.

22.   Defendant also violates Section 224.5 of the 2010 Standards of Accessible Design in that Defendant does not provide comparable room choices for each of the three Suites mentioned above.

23.   Once again, Plaintiff is deterred from returning to the hotel. It is unknown, due to the chicanery involved in the prior litigation, whether in fact remediation has taken place for the Studio King. Therefore, Plaintiff will not return unless and until she is provided actual proof that Defendant has remediated the Studio King and the three Suites discussed herein.

24.   Plaintiff has actual knowledge of three barriers at Defendant's hotel. Plaintiff never took the trip to San Jose this past weekend because her grandfather became terminally ill; however, she will make up that trip for purposes of testing but is deterred from lodging at Defendant's hotel. If and when Defendant finally makes its hotel fully accessible and equal, Plaintiff will visit the hotel on her many testing trips or for attending settlement conferences or site inspections.

25.   Section 224.5 of the 2010 Standards of Accessible Design requires that hotels "shall provide choices of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." Defendant does not provide a comparable and accessible choice to the three Suites discussed above. The one-bedroom suite is not comparable to the Palm Suite, Saint Claire Suite or Penthouse Suite.

26.   Had Defendant provided equality and allowed Plaintiff the same choices as able-bodied persons, which is required by Section 224.5 of the Standards, Plaintiff

would have booked a room although she could not have visited because of the emergency to her grandfather.

27.     Plaintiff's injury is a continuing one in two respects. First, she is deterred from lodging at the hotel due to her knowledge of the barrier at the hotel. It is futile for her to visit the hotel and check for compliance and/or lodge at the hotel if the barriers remain. Second, she plans to visit the hotel if and when she receives notice that the barrier, which denies her full and equal access to the facility, is cured.

28.     Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's hotel due to the lack of room choice similar to choice for able-bodied persons.

29.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

30.     Other potential violations and barriers to entry at Defendant's hotel may be discovered through an expert inspection of the hotel property pursuant to Rule 34. So as to avoid piecemeal litigation to ensure full access to the entirety of the property at issue, Plaintiff will amend her complaint to allege and all additional barriers discovered during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

**FIRST CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**

31.     Plaintiff incorporates all allegations heretofore set forth.

32.     Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

33.     Defendant has discriminated against Plaintiff in that it has not provided Plaintiff equal choice among the room types at the hotel in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

6

1  requirements of section 224.5 of the 2010 Standards would neither fundamentally alter
2  the nature of Defendant's lodging services nor result in an undue burden to Defendant,
3  as altering a non-accessible room to an accessible room is a simple endeavor that does
4  not require structural construction.

5       34.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,
6  as described above, is readily achievable by the Defendant due to the low costs of
7  modifying a non-accessible room. Readily achievable means that providing access is
8  easily accomplishable without significant difficulty or expense.

9       35.    Defendant's conduct is ongoing, and, given that Defendant has never fully
10  complied with the ADA's requirements that public accommodations make lodging
11  services fully accessible to, and independently usable by, disabled individuals, Plaintiff
12  invokes her statutory right to declaratory and injunctive relief, as well as costs and
13  attorneys' fees.

14       WHEREFORE, Plaintiff demands judgment against Defendant as follows:

15       a. A Declaratory Judgment that at the commencement of this action
16          Defendant was in violation of the specific requirements of Title III of the
17          ADA described above, and the relevant implementing regulations of the
18          ADA, in that Defendant took no action that was reasonably calculated to
19          ensure that its lodging rooms were equally distributed to disabled persons;

20       b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if
21          applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2)
22          and 28 CFR § 36.504(a) which directs Defendant to take all steps
23          necessary to bring its lodging rooms into full compliance with the
24          requirements set forth in the ADA, and its implementing regulations, so
25          that the lodging rooms are fully accessible to, and independently usable
26          by, disabled individuals, and which further directs that the Court shall
27          retain jurisdiction for a period to be determined after Defendant certifies
28          that its lodging rooms are fully in compliance with the relevant

7

requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines; and,

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

36.  Plaintiff realleges all allegations heretofore set forth.

37.  Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

38.  Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

39.  Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

40.  Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $12,000.00 ($4,000.00 for each of the three violations mentioned above).

41.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its lodging rooms into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the lodging rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its lodging rooms are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines; and,

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

f.  For damages in an amount no less than $12,000.00; and

g.   The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.


RESPECTFULLY SUBMITTED this 4th day of September, 2019.


/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of September, 2019.

Theresa Brooke