UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br>　　　　Plaintiff,<br>　　v.<br>AJU HOTEL SILICON VALLEY LLC,<br>　　　　Defendant. | Case No. 19-cv-05559-SVK<br><br>**ORDER ON MOTION TO DISMISS COMPLAINT; ORDER CONSOLIDATING CASE.**<br><br>Re: Dkt. No. 12 |

In this case, Plaintiff Theresa Brooke alleges that Defendant AJU Hotel Silicon Valley LLC, which owns and/or operates the Westin San Jose hotel, violates the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act because the hotel does not offer an ADA accessible room corresponding to each non-accessible room type it offers. Specifically, Plaintiff alleges that the Westin San Jose does not offer accessible "Penthouse Suite," "Palm Suite," or "Saint Claire Suite" rooms even though it offers a non-accessible suites in those categories. Dkt.1 (Complaint) ¶ 4. Defendant now seeks to dismiss the complaint. Dkt. 12. Defendant argues that the complaint in this case violates the anti-claim splitting doctrine because it is duplicative of an earlier-filed related case, *Brooke v. AJU Hotel Silicon Valley LLC*, N.D. Cal. Case No. 5:19-cv-00411-SVK ("the '411 case"). *Id.* Defendant also argues that the complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 12. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 10, 13.

Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, the Court DENIES Defendant's motion to dismiss the ADA claim, GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss the Unruh Act claim, consolidates this case with the '411 case, and directs the parties to take additional steps as described below.

## I. BACKGROUND

On January 23, 2019, Plaintiff filed a complaint against Defendant in the '411 case, alleging that the Westin San Jose hotel, which is owned and/or operated by Defendant, violates the ADA because the hotel allegedly does not offer an accessible "studio king" room even though it offers non-accessible "studio king" rooms. '411 Dkt. 1; *see also* '411, Dkt. 7 (first amended complaint ("FAC")). Plaintiff also seeks relief under the Unruh Act in that case. *Id.* On May 20, 2019, Defendant filed a motion to dismiss the FAC in the '411 case. '411 Dkt. 18. The Court held a hearing on that motion on August 27, 2019, and issued an order granting the motion to dismiss in part on September 5, 2019. '411 Dkt. 36, 42. Following the Court's September 5, 2019, Plaintiff filed a second amended complaint ("SAC") in the '411 case, and Defendant moved to dismiss the SAC. '411 Dkt. 43, 46.

Between the time of the hearing on Defendant's motion to dismiss the FAC in the '411 case and issuance of the order on that motion, Plaintiff filed the complaint in this case (the "'5559 case"). Dkt. 1. The complaint in this case asserts causes of action under the ADA and the Unruh Act stemming from Defendant's alleged failure to offer an accessible "Penthouse Suite," "Palm Suite," or "Saint Claire Suite" at the Westin San Jose, even though Defendant offers non-accessible suites in those categories. *Id.* ¶ 4. On October 16, 2019, the Court issued an order relating this case to the '411 case. Dkt. 8.

Now before the Court is Defendant's motion to dismiss the complaint in this case. Dkt. 12. Defendant argues that (1) this action should be dismissed on the grounds of improper claim splitting; and (2) the ADA and Unruh Act claims should be dismissed for lack of standing or failure to state a claim. *Id.*

## II. DISCUSSION

### A. ADA and Unruh Act claims

Defendant states that the claims in this case and the '411 case are identical other than the type of hotel room at issue and the date of Plaintiff's alleged access to Defendant's website. Dkt. 12-1 at 5-6. Accordingly, Defendant "relies on and incorporates by reference" its motion to dismiss the SAC in the '411 case. *Id.* at 6. For the same reasons articulated in the order on that motion ('411 Dkt. 53), Defendant's motion to dismiss the ADA claim in this case is DENIED and

Defendant's motion to dismiss the Unruh Act claim in this case is GRANTED WITHOUT LEAVE TO AMEND.

### B. Claim splitting

Defendant states that "Plaintiff can and should have litigated her entire dispute with Defendant in a single case" and requests that the Court dismiss this case on the grounds of claim splitting. Dkt. 12-1 at 5. Plaintiff opposes Defendant's claim splitting argument. Dkt. 19. In her SAC in the '411 case, Plaintiff states that she "does not object to the consolidation of both cases." '411 Dkt. 43 ¶ 11.

Considering the posture of both cases and the parties' apparent agreement that the cases involve common questions of fact and law, the Court finds that consolidation of this case with the '411 case is appropriate. *See* Fed. R. Civ. P. 42(a).

## III. DISPOSITION

For the reasons discussed above, the Court ORDERS as follows:

1. Defendant's motion to dismiss Plaintiff's ADA claim is **DENIED**.
2. Defendant's motion to dismiss Plaintiff's Unruh Act claim is **GRANTED WITHOUT LEAVE TO AMEND**.
3. The Court **CONSOLIDATES** this case with the Case No. 19-cv-00411-SVK for all purposes, including trial and dispositive motions. All future filings must be made in the '411 case only. The Clerk is ordered to administratively close the file in Case No. 19-cv-05559-SVK.
4. On or before **January 15, 2020**, Plaintiff must file a consolidated third amended complaint in the '411 case that combines its ADA causes of action in this case and the '411 case. The consolidated complaint shall not include the Unruh Acts that have been dismissed in both cases, and it shall not include any other new claims or parties.
5. Defendant must file a response to the consolidated third amended complaint within **15 days** after it is filed.
6. Within **10 days** of the filing of Defendant's response to the consolidated third

3

amended complaint, the parties are ordered to meet and confer and submit a stipulation to the Court regarding a proposed schedule for the case that includes an opportunity for Defendant to bring an early motion for summary judgment, if Defendants intend to bring such a motion.

**SO ORDERED.**

Dated: December 23, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge